■ WINE ANTIQUES, INC., Respondent, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.— Order, Supreme Court, New York County, entered on March 23, 1972, denying motion of defendant to vacate judgment entered against it on direction of trial court upon the taking of an inquest on defendant's trial default, unanimously reversed, on the law, on the facts and in the exercise of discretion, and motion granted with a remand of the action for a retrial of the damage issue (retrial of the inquest), and a determination of the amount of plaintiff's recovery, all on conditions hereinafter stated.  The appeal from the judgment of said court, entered on July 26, 1972, unanimously dismissed, without costs and without disbursements, as academic.  As a condition for the setting aside of the judgment and the remand, the defendant, within 20 days of the entry of the order to be settled hereon, shall pay the plaintiff $60 costs and disbursements of this appeal and an additional $150; and, in default of such payment, the order appealed from is affirmed and respondent shall recover of appellant $60 costs and disbursements of this appeal.  Although the defendant defaulted on the date peremptorily fixed for trial in the I. C. Part and the Justice presiding properly exercised his discretion to direct an inquest, the plaintiff was bound to present proof sustaining a cause of action for the recovery of the sum demanded by it on the inquest.  (See CPLR 3215.) Here, the defendant, by defaulting, did not admit that the plaintiff was entitled to recover such sum.  (See *McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347.)  The testimony presented by plaintiff on the inquest was entirely conclusory and the record as a whole indicates that the amount of plaintiff's recovery, as directed, may substantially exceed the sum which may be owing to it

under defendant's policy. The interests of justice require a remand for a trial of the damage issue. However, inasmuch as the defendant failed to present an adequate excuse for its trial default, we have imposed costs as aforesaid. Settle order on notice. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Eager, JJ.