■ RUSSIAN CHURCH OF OUR LADY OF KAZAN et al., Respondents, et al., Plaintiff, v. ANDREW DUNKEL et al., Appellants. RUSSIAN CHURCH OF OUR LADY OF KAZAN et al., Appellants, v. RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH OF AMERICA, Respondent.— Judgment of the Supreme Court, Nassau County, entered December 20, 1971 in the first above-entitled action, affirmed, without costs, upon the opinion of Mr. Justice Liff (*Russian Church of Our Lady of Kazan* v. *Dunkel*, 67 Misc 2d 1032). Judgment of the same court, entered December 20, 1971 in the second above-entitled action, modified, on the law, by striking therefrom the first decretal paragraph, which dismissed the complaint on the merits, and by substituting therefor a provision declaring the rights of the parties as set forth in the judgment in the first above-entitled action. As so modified, judgment in the second above-entitled action affirmed, without costs (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334). Latham, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgments to the extent of dismissing the complaints in both actions, with the following memorandum: This case involves a property dispute between two church factions. Resolution of that dispute requires the court to determine the identity of the supreme ecclesiastical authority by which the parish of Our Lady of Kazan was to be governed when it was incorporated in 1942. The role that civil courts may play in resolving church property disputes is severely circumscribed, however, by the First Amendment to the Constitution of the United States. First Amendment values are endangered when civil courts are asked to resolve controversies over religious doctrine and practice in deciding church property litigation (*Presbyterian Church* v. *Hull Church*, 393 U. S. 440, 449). The constitutional command that civil courts decide such disputes without resolving underlying controversies over religious doctrine also embraces disputes as to religious polity. As the three concurring Justices wrote in *Maryland and Virginia Churches* v. *Sharpsburg Church* (396 U. S. 367, 369–370): "Where the identity of the governing body or bodies that exercise general authority within a church is a matter of substantial controversy, civil courts are not to make the inquiry into religious law and usage that would be essential to the resolution of the controversy. In other words, the use of the *Watson* approach is consonant with the prohibitions of the First Amendment only if the appropriate church governing body can be determined without the resolution of doctrinal questions and without extensive inquiry into religious polity." It was precisely that issue of identity which this court isolated as the "key question" for the trial court when the matter was before us in 1970 in connection with a preliminary appeal (see *Russian Church of Our Lady of Kazan* v. *Dunkel*, 34 A D 2d 799, 801); and it is precisely the resolution of that issue which formed the basis for the resulting judgments. There can be no

doubt that the identity of the governing body which exercised general authority over the parish of Our Lady of Kazan in 1942 is a matter of substantial controversy and that the resolution of that controversy has involved the civil court in an extensive inquiry into religious polity. In my opinion, the issue which lies at the heart of this church property dispute is beyond the limited area constitutionally permitted to the civil courts and the actions should be dismissed.