■ STANLEY SILBERSTEIN, Appellant, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents. — Motion by defendants for reargument of an appeal from an order of the Supreme Court, Westchester County (Coppola, J.), dated February 17, 1982, which was decided by order of this court dated June 6, 1983 (95 AD2d 773). Motion granted, the decision and order of this court, both dated June 6, 1983, are recalled and vacated, and upon reargument the following decision is substituted: In an action to recover damages for the wrongful issuance of execution against plaintiff's bank account, he appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated February 17, 1982, which denied his application for a default judgment. Order affirmed, without costs or disbursements, upon condition that within 20 days after service upon defendant Hayt, Hayt & Landau of a copy of the order to be made hereon, with notice of entry, it pay to plaintiff the sum of $500 costs. In the event said defendant fails to comply with said condition, order reversed, as a matter of discretion, with costs, plaintiff's application for a default judgment granted, and matter remitted to the Supreme Court, Westchester County, for an inquest. Presbyterian Hospital obtained a default judgment against plaintiff and recovered $2,005 after serving an execution upon his bank account. Thereafter, the judgment was vacated after plaintiff moved for such relief on the ground of lack of personal jurisdiction. Although his money was returned, plaintiff commenced this action against the hospital and its law firm to recover damages arising out of the wrongful execution. The complaint alleged that defendants knew or should have known that the default judgment and the execution were void and that as a result of the execution plaintiff suffered "inconvenience, embarrassment and financial hardship". After service of the complaint, plaintiff agreed to extend the defendants' time to answer until April 3, 1981 and settlement was discussed during that month. However, on April 27, 1981 an impasse was reached and it was agreed that an answer would be served by the defendant law firm on behalf of itself and the hospital. When none was received, plaintiff's attorney inquired on August 27, 1981 as to when an answer would be served and was assured by the defendant law firm that it would be served immediately. Nonetheless, no answer was forthcoming and five weeks later plaintiff moved for a default judgment. An answer was finally served a month later as part of defendants' opposition papers. Defendants opposed the application for a default judgment on the grounds that the complaint did not state a cause of action, that the delay was excused by the need to check hospital records in order to interpose a counterclaim for plaintiff's unpaid hospital bill, and that the plaintiff acquiesced in the delay. Special Term denied the motion. A plaintiff seeking a default judgment under CPLR 3215 (subd [e]) must present prima facie proof of a cause of action (*Wine Antiques v St. Paul Fire & Mar. Ins. Co.*, 40 AD2d 657, affd 34 NY2d 781; *Howard Oil Co. v Morris,* 90 Misc 2d 713; *Matter of Sullivan,* 65 Misc 2d 461). While a default admits all factual allegations of the complaint and all reasonable inferences therefrom, it does not admit legal conclusions which are reserved for the court's determination (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.25). Although plaintiff did not label the theory of his complaint and on appeal still fails to classify it, it is our obligation to inquire as to whether it states in some recognizable form any cause of action (see *Foley v D'Agostino,* 21 AD2d 60, 65). We conclude that the complaint sufficiently alleges a cause of action for wrongful issuance of execution (see, generally, 33 CJS, Executions, § 452; 9 Carmody-Wait 2d, NY Prac, § 64:176). If process is vacated because of irregularity, e.g., lack of jurisdiction, an action may be brought after the vacatur in the nature of trespass (*Day v Bach,* 87 NY 56; *Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182). The judgment and execution afforded no protection to the defendants because following vacatur

they became trespassers *ab initio* and liable for the consequences of their acts as if the judgment and execution never existed (see *Fischer v Langbein,* 103 NY 84; *Siegel v Northern Blvd. & 80th St. Corp., supra; Bornstein v Levine,* 7 AD2d 843). The defendant law firm has no privilege or immunity because an attorney is· liable if he causes irregular process to be issued which occasions loss to the party against whom it is enforced (*Vernes v Phillips,* 266 NY 298; *Bornstein v Silverman,* 9 AD2d 363). Thus, plaintiff has met his burden of demonstrating a prima facie cause of action. The remaining question is whether Special Term abused its discretion when it declined to grant plaintiff's motion for a default judgment. While the delay in answering is attributable, at least in part, to law office failure, this does not automatically require entry of a default judgment since under recently enacted CPLR 2005 (see L 1983, ch 318), "the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure". Here, the defendants have demonstrated a meritorious defense, an absence of prejudice to the plaintiff from the delay, and an apparent lack of intent to abandon defense of the action. Furthermore, by the last of the extensions, no definite date had been set within which defendants were to serve their answer and the earlier extensions were not of short duration (cf. *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900). Under the circumstances, we cannot say that Special Term abused its discretion by denying the motion (see *S.G.S.G. Constr. Corp. v Marr,* 96 AD2d 937). However, we have imposed a condition for denial of the motion by fixing a monetary sanction on defendant law firm *pro se* and representing the defendant hospital. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.