■ Leighton Cree, Appellant, v Gwen Cree, Respondent.—

A stipulation of settlement entered into by the parties in open court in a matrimonial action provided, *inter alia,* that the marital residence *"shall be sold"* (emphasis added) at fair market value in the event one of the parties permanently vacated the premises, and the party still residing in the premises would have an option to purchase the premises. In the event the party residing in the premises failed to exercise that option, then the other party would have the option to purchase the premises. If the parties *could not agree* on the fair market value of the property, the stipulation provided for a multi-appraisal method to determine value. The stipulation further provided that the purchase by one party of the other party's equity in the marital premises was to be completed at a closing not to exceed 60 days from the exercise of the option to purchase. The stipulation survived, but did not merge into the divorce judgment.

Shortly after the plaintiff husband permanently vacated the marital premises, he erroneously attempted to exercise the option to purchase the defendant wife's half interest in the premises for $52,000, forwarding her an appraisal he obtained which estimated the fair market value of the entire property at $104,000. By letter dated March 16, 1984, the wife's attorney correctly informed the husband's attorney that the wife had the option to purchase the premises, pursuant to the in-court stipulation, and that she was exercising that option to purchase the husband's half share in the marital residence for the sum of $52,000. Thereafter, the wife was unable to obtain the requisite financing to purchase husband's share, and thus,

she could not close within the 60-day period designated in the stipulation. A few days after expiration of the 60-day period, the husband tendered $52,000 for the purchase of wife's share in the marital residence, but she did not accept the tender or convey her share. Thereafter, in August 1984, the wife had the property appraised for $165,000.

By order to show cause dated October 6, 1984, the wife moved to compel the husband to comply with the multi-appraisal method set forth in the stipulation for fixing the fair market value of the marital home, which was applicable when the parties did not agree on the fair market value of the property, and to direct the husband to exercise his option to purchase at the value fixed by the multi-appraisal method. The motion was ultimately denied on the ground that a plenary action had to be commenced in order to compel specific performance of the option provision of the stipulation.

On or about October 11, 1984, the husband commenced this action to compel specific performance of the stipulation, to wit, that the wife convey her share in the marital premises for $52,000. The wife served an answer 26 days beyond the statutory 20-day period (see, CPLR 3012 [a]). The husband rejected service of the answer, and on or about March 29, 1985, moved for leave to enter a default judgment pursuant to CPLR 3215. The wife cross-moved to compel the husband to accept service of her answer.

In order to excuse a default in answering, the defendant wife had the burden of establishing an adequate legal excuse for her delay and the existence of a meritorious defense (see, Klein v Actors & Directors Lab, 95 AD2d 757, appeal dismissed 60 NY2d 559; Union Natl. Bank v O'Donnell, 101 AD2d 676; cf. Sortino v Fisher, 20 AD2d 25).

Although the delay in the service of the verified answer was short, the wife's attorney merely proffered law office failure as an excuse, and the verified pleading, in this case, did not suffice as an adequate substitute for an affidavit of merit (cf. Hladczuk v Epstein, 98 AD2d 990). Except for denying the allegations that the defendant wife had adopted the estimated fair market value set forth in the appraisal obtained by the plaintiff husband, that the parties agreed on the fair market value, and that the equity share of each party was $52,000, the verified answer admits all the other allegations pleaded in the first cause of action of the complaint which seeks to compel specific performance. These admissions and the documentary evidence submitted by the parties show that the

defendant wife, by her attorney's letter of March 16, 1984, exercised the option to purchase the plaintiff husband's 50% equity share in the marital premises for $52,000, which is one half of the estimated fair market value set forth in the appraisal obtained by the husband and served on the wife's attorney, and the same dollar figure in the husband's premature offer to purchase. Consequently, the documentary evidence, combined with the wife's admissions, negate the verified answer's conclusory denials to the husband's claim for specific performance. In the absence of a meritorious defense or reasonable excuse for the delay, Special Term abused its discretion in denying the plaintiff's motion for leave to enter a default judgment with respect to the first cause of action to compel specific performance of the applicable provision of the stipulation of settlement and by granting the defendant's cross motion to compel acceptance of her belatedly served answer.

Nonetheless, the plaintiff is not entitled to a default judgment on his second cause of action for punitive damages and attorney's fees. Where a valid cause of action is not stated, the moving party is not entitled to the requested relief, even on default (see, Kahn v Friedlander, 90 AD2d 868; Silberstein v Presbyterian Hosp., 96 AD2d 1096; Rivera v Laporte, 120 Misc 2d 733, 735). Since no separate cause of action lies for punitive damages (see, Crames v Wonderknit Corp., 92 AD2d 857; cf. Williamson, Picket, Gross v Hirshfeld, 92 AD2d 289, 295) and attorney's fees are not recoverable as general or special damages absent an express statutory provision or contract provision, which is not alleged in the complaint (see, Russian Church of Our Lady of Kazan v Dunkel, 67 Misc 2d 1032, 1061, mod on other grounds 41 AD2d 746, affd 33 NY2d 456), the plaintiff is not entitled to a default judgment on the second cause of action. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.