■ PROPOCO, INC., Respondent-Appellant, v HARRY OSTREICHER, Appellant-Respondent.—In an action to recover damages for fraud, interference with contractual relations, and prima facie tort, (1) the defendant appeals, as limited by his brief, (a) from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated November 6, 1986, as denied that branch of his motion which was to dismiss the plaintiff's second cause of action to recover damages for interference with contractual relations, and (b) from so much of an order of the same court, dated January 20, 1987, as, upon reargument, adhered to the original determination with respect to the second cause of action, and (2) the plaintiff cross-appeals, as limited by its brief, from so much of the order dated November 6, 1986, as granted those branches of the defendant's motion which were to dismiss its first and third causes of action to recover damages for fraud and prima facie tort, respectively. The cross appeal brings up for review so much of

the order of the same court, dated January 20, 1987, as, upon reargument, adhered to the original determination with respect to those causes of action *(see,* CPLR 5517 [b]).

Ordered, that the appeal and the cross appeal from the order dated November 6, 1986, are dismissed, as that order was superseded by the order dated January 20, 1987; and it is further,

Ordered, that the order dated January 20, 1987, is reversed insofar as appealed from, on the law, the provision of the order dated November 6, 1986, which denied that branch of the defendant's motion which was to dismiss the second cause of action is vacated, and, upon reargument, that branch of the defendant's motion which was to dismiss the plaintiff's second cause of action is granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the order dated January 20, 1987, is affirmed insofar as reviewed upon the plaintiff's cross appeal; and it is further,

Ordered, that the defendant is awarded one bill of costs.

The plaintiff's first cause of action claiming fraud was properly dismissed because that cause of action did not allege fraud but, rather, that the defendant induced the plaintiff to enter into a contract which was later breached and that that breach was induced by the defendant *(see, Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607). The plaintiff's second cause of action should be dismissed because plaintiff failed to plead that the defendant acted outside the scope of his employment or that he personally profited as a result of his actions *(Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532). The plaintiff's third cause of action to recover damages for prima facie tort was properly dismissed because it fails to plead a harm distinct from interference with contractual relations *(see, Curiano v Suozzi,* 63 NY2d 113, 118-119).

We have not considered those portions of the plaintiff's appendix that contain matter which was not before the Supreme Court, Nassau County. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.