■ JAMES GREEN, Appellant, v DOLPHY CONSTRUCTION Co., INC., et al., Respondents.—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) so much of a judgment of the Supreme Court, Kings County (Williams, J.), entered October 24, 1990, as, after an inquest to determine damages upon the defendants' default in answering, dismissed the second, third, and fifth causes of action asserted in the complaint, and granted judgment on the first cause of action against the defendant Dolphy Construction Co., Inc., only, and (2) an order of the same court, entered November 7, 1990, which denied his motion to modify the judgment, or for a renewed inquest on damages.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Although all allegations contained in the complaint have been admitted because of the defendants' default *(see, Rokina Opt. Co. v Camera King,* 63 NY2d 728; *McClelland v Climax Hosiery Mills,* 252 NY 347), the legal conclusions to be drawn from such proof are reserved for the court's determination *(see,* CPLR 3215 [b], [e]; *Silberstein v Presbyterian Hosp.,* 96 AD2d 1096; *Wine Antiques v St. Paul Fire & Mar. Ins. Co.,* 40 AD2d 657, *affd* 34 NY2d 781; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.25). Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default *(see, Cree v Cree,* 124 AD2d 538, 541).

The Supreme Court correctly dismissed the second, third, and fifth causes of action. The second cause of action sounds in fraud. The plaintiff alleges fraudulent inducement to enter into the building renovation contract with the corporate defendant, a contract the latter abandoned after partially completing the job in a defective manner. Allegations of scienter will not transform what is essentially a breach of contract cause of action into one to recover damages for fraud where, as here, the fraud charged has to do with alleged misrepresentations of the breaching party's abilities and intentions *(see, Propoco Inc. v Ostreicher,* 134 AD2d 580; *Kotick v Desai,* 123 AD2d 744; *C.B. Western Fin. Corp. v Computer Consoles,* 122 AD2d 10). In any event, although the corporate defendant allegedly misrepresented that it was licensed by the New York City Consumer Affairs Department, the complaint alleges that its license was revoked in December 1987, several months after the subject contract was entered into in August 1987.

Further, although the complaint alleges that the corporate defendant entered into the contract without any intent to perform *(see, Tribune Print. Co. v 263 Ninth Ave. Realty,* 57 NY2d 1038), the complaint also alleges partial, if shoddy, performance. Thus, the fraud cause of action was properly dismissed.

As to the third cause of action, alleging breach of a 10-year warranty, no oral or written agreement is pleaded. Further, the sole reference to a warranty of any kind to be found in the minutes of the inquest is a reference to a sign at the location of the defendants' place of business advertising that customer

satisfaction was guaranteed. That falls well short of prima facie proof of a 10-year warranty. The fifth cause of action to recover damages for impairment of title and abuse of process is based upon the filing of a mechanic's lien and notice of pendency (both vacated by the court as equitable relief granted on the fourth cause of action). The plaintiff failed to prove damages, and, thus, that cause of action was properly dismissed (see, Cree v Cree, supra).

The first cause of action to recover damages for breach of contract is pleaded solely against the corporate defendant. The plaintiff cannot now seek relief different from that demanded in the complaint (see, CPLR 3215 [b]).

Further, there is no proof that the plaintiff served the additional mail notice on Hopeton H. Dolphy, a natural person, as required by CPLR 3215 (f). This omission would bar entry of a default judgment against him on the contract cause of action in any event (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:19A, at 563).

There is no basis for departing from the general rule that punitive damages are not recoverable in a breach of contract action (see, Garrity v Lyle Stuart, Inc., 40 NY2d 354, 358), and, therefore, we agree with the Supreme Court's decision to award compensatory damages only. Accordingly, the judgment is affirmed.

In view of the foregoing, we also conclude that the court did not improvidently exercise its discretion in denying the plaintiff's motion to modify the judgment.

We further note that, after the inquest had begun, the court granted a two-week adjournment to give the plaintiff an opportunity to present any additional proof he might have had in support of his claims, and we can therefore discern no sound basis for finding that the court improvidently exercised its discretion in denying the plaintiff a new inquest on damages (see, CPLR 4404 [b]; Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.