■ FRANK FAPPIANO et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [774 NYS2d 773]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bruno, J.), dated August 26, 2002, which granted the motion of the defendants City of New York and New York City Police Department to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This action was commenced on or about February 4, 1993. The complaint alleged that on November 13, 1991, police officers, engaged in the pursuit of a stolen car on the Belt Parkway, caused the driver of the stolen car to collide head on with the plaintiff Frank Fappiano's vehicle. The plaintiffs sued the respondents City of New York and New York City Police Department as well as the defendants New York City Housing Authority and the New York City Housing Authority Police Department. The two police departments had not merged at the time of the accident, and it was unclear whether the officers engaged in the pursuit were New York City police officers or New York City Housing Authority police officers.

On September 5, 1995, the plaintiffs moved to strike the respondents' answer pursuant to CPLR 3126 for repeated failure to comply with a preliminary conference order dated October 7, 1993. By order dated December 6, 1995, the motion was granted. This Court affirmed that order (*see Fappiano v City of New York,* 241 AD2d 509 [1997]). No default judgment was entered against the respondents.

Thereafter, on an appeal by the New York City Housing Authority and New York City Housing Authority Police Department from the denial of their motion for summary judgment, this Court determined that "[t]he sole proximate cause of the accident was the unforeseen and depraved recklessness of the driver of the stolen vehicle" and dismissed the complaint insofar as asserted against those defendants (*Fappiano v City of New York,* 292 AD2d 566, 567 [2002]).

The respondents subsequently moved to dismiss the complaint insofar as asserted against them based upon that determination. The Supreme Court granted the motion. This appeal ensued.

Entry of an order pursuant to CPLR 3126 striking an answer is the equivalent of a default in answering (*see Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730 [1984]). A plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215 (*see Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572 [1978]) which requires that the plaintiff state a viable cause of action (*see* CPLR 3215 [f]; *Green v Dolphy*

*Constr. Co.*, 187 AD2d 635, 636 [1992]). In determining whether the plaintiff has a viable cause of action, the court may consider the pleadings in the action, affidavits, or affirmations submitted by the plaintiff (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), and prior determinations of the court (*see Haberman v Wassberg*, 131 AD2d 331, 333 [1987]).

In view of the prior determination of this Court that the sole proximate cause of the accident was the conduct of the driver of the stolen vehicle, the Supreme Court properly determined that the "plaintiffs cannot satisfy their burden of establishing the existence of a viable cause of action as against the City." Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.