■ MICHAEL LITVINSKIY, Respondent, v MAY ENTERTAINMENT GROUP, INC., et al., Appellants. [841 NYS2d 882]—In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Schack, J.), entered May 4, 2007, as, upon an order of the same court dated September 28, 2004, inter alia, granting the plaintiff's motion to strike their answer pursuant to CPLR 3126 as a sanction for their failure to comply with disclosure orders, after an inquest, and upon a decision of the same court dated January 16, 2007, is in favor of the plaintiff and against the defendant Michael Bronstein in the principal sum of $45,100.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal by the defendant May Entertainment Group, Inc., is dismissed, without costs or disbursements, as it is not aggrieved by the portion of the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendant Michael Bronstein, on the law, and the complaint is dismissed insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs is awarded to the defendant Michael Bronstein.

An order pursuant to CPLR 3126 striking a defendant's answer is the equivalent of a default in answering (*see Fappiano v City of New York*, 5 AD3d 627, 628 [2004]). A plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215 (*see Fappiano v City of New York*, 5 AD3d at 628-629), which requires that the plaintiff have a viable cause of action (*see* CPLR 3215 [f]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]). In determining whether the plaintiff has a viable cause of action, the court may consider the complaint, affidavits, and affirmations submitted by the plaintiff (*see Fappiano v City of New York*, 5 AD3d at 629).

Here, however, when examining the allegations in the complaint, as well as the evidence introduced at the inquest, it

is clear that the plaintiff did not plead, and did not establish, the existence of a viable cause of action against the defendant Michael Bronstein. Thus, the complaint should have been dismissed insofar as asserted against him (*cf. Lavi v Lavi*, 256 AD2d 602, 603-604 [1998]). Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.