■ Jo-Ann Venturella-Ferretti, Appellant, v James Ferretti, Respondent. [901 NYS2d 551]—

In an action, inter alia, to set aside a stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 21, 2009, which denied her motion for leave to enter a default judgment upon the defendant's failure to appear at certain court conferences.

Ordered that the order is affirmed, without costs or disbursements.

Although all allegations contained in the complaint were

admitted based upon the defendant's default (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728 [1984]; *McClelland v Climax Hosiery Mills*, 252 NY 347 [1930]), the legal conclusions to be drawn from such proof are reserved for the Supreme Court's determination (*see* CPLR 3215 [b], [e]; *Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999]; *Green v Dolphy Constr. Co.*, 187 AD2d 635 [1992]; *Silberstein v Presbyterian Hosp. in City of N.Y.*, 96 AD2d 1096 [1983]; *Wine Antiques v St. Paul Fire & Mar. Ins. Co.*, 40 AD2d 657 [1972], *affd* 34 NY2d 781 [1974]). "A plaintiff's right to recover upon a defendant's default in answering is governed by CPLR 3215 . . . which requires that the plaintiff state a viable cause of action" (*Fappiano v City of New York*, 5 AD3d 627, 628 [2004]). " 'Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default' " (*Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 29 AD3d 930, 932 [2006], quoting *Green v Dolphy Constr. Co.*, 187 AD2d at 636; *see Cree v Cree*, 124 AD2d 538, 541 [1986]).

The Supreme Court correctly denied the plaintiff's motion for leave to enter a default judgment, since the plaintiff failed to state valid causes of action warranting the vacatur of the parties' stipulation of settlement.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.