OPINION OF THE COURT
Peter H. Mayer, J.
It is ordered that the motion (No. 001) by the plaintiff claiming authority, Christine Malafi, County Attorney for the County of Suffolk (the County), which seeks a default judgment against the noncriminal defendant, Lara G. Richardson, and forfeiture of Ms. Richardson’s vehicle pursuant to Suffolk County Code (SCC), chapter 467, article III, is hereby denied for failure to produce clear and convincing evidence that the noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant, as required by SCC § 467-15 (E); and it is further ordered that the County shall promptly make the subject vehicle, a 2000 Volkswagen, VIN No. WVWMA23B3YP226270, seized by the County on or about April 16, 2009, available for release to Ms. Richardson at the current place of storage, as set forth herein; and it is further ordered that the County shall promptly serve notice upon Ms. Richardson, by actual notification, or by certified mail (return receipt requested) and first class mail to her address on file with the New York State Department of Motor Vehicles, that she has the right to take possession of the subject vehicle at the current place of storage (without any fees charged to her), and that in the event of her failure to take possession of *358 the vehicle within 60 days after such notice, the vehicle will be subject to forfeiture upon application by the County for an order granting forfeiture on grounds of Ms. Richardson’s failure to take timely possession of the subject vehicle; and it is further ordered that counsel for the movant shall promptly serve a copy of this order upon the defendant by certified mail (return receipt requested) and first class mail, and shall thereafter file the affidavit(s) of such service with the Suffolk County Clerk, and annex a copy of such proof of service to any future motions submitted in this matter.
In this civil forfeiture action, the County alleges that on April 16, 2009, nonparty Christopher Bush was arrested and charged with driving without a license in violation of Vehicle and Traffic Law § 509 (1), as well as driving while impaired in violation of Vehicle and Traffic Law § 1192 (4). At the time of the arrest, Mr. Bush was operating the vehicle which is the subject of this action, a 2000 Volkswagen, VIN No. WVWMA23B3YP226270, owned by the noncriminal defendant, Lara G. Richardson. Mr. Bush had previously been convicted on May 14, 2008 of driving without a license in violation of Vehicle and Traffic Law § 509 (1). By summons and complaint filed September 9, 2010, the plaintiff seeks a judgment directing forfeiture of Ms. Richardson’s vehicle and permitting the County to dispose of the vehicle in accordance with chapter 467, article III, of the Suffolk County Code. The County now moves for a judgment of default against Ms. Richardson for her alleged failure to answer the summons and complaint or otherwise appear in this action.
Pursuant to SCC § 467-15 (C), the County may commence a civil action against a noncriminal defendant to recover property which constitutes the instrumentality of an offense, as defined in SCC § 467-13. This is predicated upon the theory that
“[a] noncriminal defendant who knows, or should know, of prior illegal use by a criminal defendant of the instrumentality or other property of a like nature or kind shall be presumed to know that the instrumentality was or would be used in a manner that would directly and materially contribute to the commission of a subsequent crime or that obtaining his or her interest in the instrumentality could assist the criminal defendant in avoiding the forfeiture” (SCC § 467-15 [C]).
For the County to
“establish its case in any action commenced under *359 [article III], the County shall demonstrate, by clear and convincing evidence, that the property in question is subject to forfeiture at the time of commission of the offense . . . which precipitated the seizure or the commencement of an action for the seizure of the property without regard to the final determination of any criminal actions brought against the individual for such offense” (SCC § 467-15 [H] [emphasis added]).
As for noncriminal defendants, the Code states, “No property shall be forfeited under this article unless the [County] produces clear and convincing evidence that the noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant” (SCC § 467-15 [E] [emphasis added]). In this regard, the “noncriminal defendant must take all prudent steps to prevent the illegal use of his or her property, and willful disregard by the owner or lienholder of the acts giving rise to forfeiture shall not constitute a defense to such forfeiture” (SCC § 467-15 [E]).
Once the County has met its burden of proof by clear and convincing evidence, the “noncriminal defendant shall then have the burden of proving a lack of knowledge or lack of consent on behalf of said noncriminal defendant sufficient to constitute a defense to such forfeiture” (SCC § 467-15 [H]). Here, the County has failed to submit any evidence (much less clear and convincing evidence) that the noncriminal defendant, Ms. Richardson, “engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant,” Christopher Bush {see SCC § 467-15 [E]). Instead, the County’s notice of motion asserts that it is entitled to forfeiture and disposed of Ms. Richardson’s vehicle “upon the ground that [she] is now in default in pleading.” A default in pleading by a defendant in a civil proceeding, however, does not automatically qualify a plaintiff for victory in that proceeding.
Indeed, a plaintiff seeking a default judgment under CPLR 3215 must present prima facie proof of a cause of action, and while a default admits all factual allegations of the complaint and all reasonable inferences therefrom, it does not admit legal conclusions which are reserved for the court’s determination (McGee v Dunn, 75 AD3d 624 [2d Dept 2010]; Green v Dolphy Constr. Co., 187 AD2d 635 [2d Dept 1992]; Silberstein v Presbyterian Hosp. in City of N.Y., 96 AD2d 1096 [2d Dept 1983]). Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default *360 (see Litvinskiy v May Entertainment Group, Inc., 44 AD3d 627 [2d Dept 2007]; Beaton v Transit Facility Corp., 14 AD3d 637 [2d Dept 2005]; Cree v Cree, 124 AD2d 538 [2d Dept 1986]; Green v Dolphy Constr. Co., 187 AD2d 635 [1992]; Silberstein v Presbyterian Hosp. in City of N.Y., 96 AD2d 1096 [1983]). Accordingly, notwithstanding the defendant’s alleged default, the County’s failure to establish a prima facie case pursuant to the burden of proof set forth in its own Code precludes a judgment of default and forfeiture in favor of the County, and requires prompt return of the subject vehicle to Ms. Richardson as set forth herein.
Chapter 467, article III of the SCC contemplates only three scenarios for return of a defendant’s vehicle. First, pursuant to SCC § 467-14 (C), any action for forfeiture under this section must be commenced “within 180 days after the disposition of the summons or arrest for the offense, but in no event more than five years after seizure.” If the County fails to commence an action within that time period, such failure “shall result in the immediate return of the property to its lawful owner” (SCC § 467-14 [C]). Second, after the County meets its burden of proof by clear and convincing evidence in the first instance, SCC § 467-15 (I) provides that if the noncriminal defendant meets his or her burden of proof, the vehicle must be returned immediately to its lawful owner. Third, pursuant to SCC § 467-15 (K), the County “may at any time authorize the return of the seized vehicle to the lawful owner, with or without conditions attached.”
With these three Code provisions, the defendant’s vehicle must be made available for release at the place of storage and subject to payment of reasonable and customary towing, maintenance and storage fees to the date of release. Under those circumstances, if the defendant fails to take possession of the vehicle within 60 days after actual notification or by certified mail, return receipt requested, to the address of the titled owner on file with the New York State Department of Motor Vehicles, then the vehicle will be forfeited (see SCC § 467-14 [C]; § 467-15 [I], [K]).
Curiously absent from the Code, however, is a provision requiring the County to return a defendant’s vehicle where, as here, the County fails to meet its burden of proof in the first instance. Therefore, the court directs that the County shall notify Ms. Richardson by actual notification, or by certified mail (return receipt requested) and by first class mail, to her address *361 on file with the New York State Department of Motor Vehicles, of her right to take possession of the subject vehicle at the current place of storage. Ms. Richardson, however, shall not be required to pay any related charges or fees as a condition of release of the vehicle to her. It would be unjust to grant forfeiture against Ms. Richardson under the circumstances presented herein, and it would be equally unjust to require her to pay any charges and fees related to seizure of her vehicle where the County has failed to show, by clear and convincing evidence, that she bears any culpability in this case.
In the event Ms. Richardson fails to take possession of the vehicle within 60 days after notice by the County of her right to do so, then the County shall promptly submit an application by order to show cause for an order granting forfeiture on the basis of her failure to timely take possession of the vehicle. Such order to show cause shall include as exhibits a copy of the affidavit of service of this order and a copy of the notice served upon Ms. Richardson regarding her right to take possession of the vehicle.