OPINION OF THE COURT
Peter H. Mayer, J.
Upon the reading and filing of the notice of motion by the plaintiff, dated January 19, 2012, and supporting papers; and now upon due deliberation and consideration by the court of the foregoing papers, the motion is decided as follows: it is ordered that the motion (001) by the plaintiff/claiming authority, Dennis M. Cohen, County Attorney for the County of Suffolk (the County), which seeks a default judgment against the noncriminal defendant, Katherine Roca, and forfeiture of Ms. Roca’s vehicle pursuant to Suffolk County Code (SCC) chapter 420 (formerly ch 270) is hereby denied for failure to produce clear and convincing evidence that the noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant, as required by SCC § 420-7 (G); and it is further ordered that the County shall promptly make the subject vehicle, a 1999 Pontiac, VIN No. 1G2WJ52M1XF237001, seized by the County on or about July 17, 2010, available for release to Ms. Roca at the current place of storage, as set forth herein; and it is further ordered that the County shall promptly serve notice upon Ms. Roca, by personal delivery, or by certified mail (return receipt requested) and first-class mail to her address on file with the New York State Department of Motor Vehicles, that she has the right to take possession of the subject vehicle at the current place of storage (without any charge for towing, maintenance or storage fees), and that in the event of failure to take possession of the vehicle *403 within 60 days after such notice, the vehicle will be subject to forfeiture upon application by order to show cause by the County for an order granting forfeiture on grounds of the noncriminal defendant’s failure to take timely possession of the subject vehicle; and it is further ordered that counsel for the movant shall promptly serve a copy of this order upon said noncriminal defendant by certified mail (return receipt requested) and first-class mail, and shall thereafter file the affidavit(s) of such service with the Suffolk County Clerk, and annex a copy of such proof of service to any future motions submitted in this matter.
In this civil forfeiture action, the County alleges that on July 17, 2010, nonparty Jordan K. Zabinsky was arrested and charged with operating a vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (3). At the time of the arrest, Mr. Zabinsky was operating the vehicle which is the subject of this action, a 1999 Pontiac, VEN No. 1G2WJ52M1XF237001, owned by the noncriminal defendant, Katherine Roca. Mr. Zabinsky had previously been convicted of violations of Vehicle and Traffic Law § 1192 (2) on April 13, 2005 and on February 28, 2007. By summons and complaint filed December 28, 2010, the plaintiff seeks a judgment directing forfeiture of Katherine Roca’s vehicle and permitting the County to dispose of the vehicle in accordance with the Suffolk County Code. The County now moves for a judgment of default against the noncriminal defendant for the alleged failure to answer the summons and complaint or otherwise appear in this action.
Pursuant to SCC § 420-7 (E), the County may commence a civil action against a noncriminal defendant to recover property which constitutes the proceeds of an offense, the substituted proceeds of an offense, or the instrumentality of an offense, as those terms are defined in SCC § 420-5.
For the County to
“establish its case in any action commenced under [article II], the County shall demonstrate, by clear and convincing evidence, that the property in question is subject to forfeiture at the time of commission of the offense . . . which precipitated the seizure or the commencement of an action for the seizure of the property without regard to the final determination of any criminal actions brought against the individual for such offense” (SCC § 420-7 [J] [emphasis added]).
*404 As for noncriminal defendants, the Code states, “No property shall be forfeited under [SCC chapter 420] unless the [County] produces clear and convincing evidence that the noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant” (SCC § 420-7 [G] [emphasis added]). In this regard, the “noncriminal defendant must take all prudent steps to prevent the illegal use of his or her property, and willful disregard by the owner or lienholder of the acts giving rise to forfeiture shall not constitute a defense to such forfeiture” (SCC § 420-7 [G]).
Once the County has met its burden of proof by clear and convincing evidence, the “noncriminal defendant shall then have the burden of proving a lack of knowledge or lack of consent on behalf of said noncriminal defendant sufficient to constitute a defense to such forfeiture” (SCC § 420-7 [J]). Here, the County has failed to submit any evidence (much less clear and convincing evidence) that the noncriminal defendant, Ms. Roca, “engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal [nonparty] defendant,” Jordan K. Zabinsky (see SCC § 420-7 [G]). Instead, the County’s notice of motion asserts that it is entitled to forfeiture and disposal of Ms. Roca’s vehicle “upon the ground that [she] is now in default in pleading.” A default in pleading by a defendant in a civil proceeding, however, does not automatically qualify a plaintiff for victory in that proceeding.
Indeed, a plaintiff seeking a default judgment under CPLR 3215 must present prima facie proof of a cause of action, and while a default admits all factual allegations of the complaint and all reasonable inferences therefrom, it does not admit legal conclusions which are reserved for the court’s determination (McGee v Dunn, 75 AD3d 624 [2d Dept 2010]; Green v Dolphy Constr. Co., 187 AD2d 635 [2d Dept 1992]; Silberstein v Presbyterian Hosp. in City of N.Y., 96 AD2d 1096 [2d Dept 1983]). Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default (see Litvinskiy v May Entertainment Group, Inc., 44 AD3d 627 [2d Dept 2007]; Beaton v Transit Facility Corp., 14 AD3d 637 [2d Dept 2005]; Cree v Cree, 124 AD2d 538 [2d Dept 1986]; Green v Dolphy Constr. Co., 187 AD2d 635 [2d Dept 1992]; Silberstein v Presbyterian Hosp. in City of NY., 96 AD2d 1096 [2d Dept 1983]). Accordingly, notwithstanding the defendant’s alleged default, the County’s failure to establish a prima facie case pursuant to the burden of proof set forth in its own Code *405 precludes a judgment of default and forfeiture in favor of the County, and requires prompt return of the subject vehicle to the noncriminal defendant as set forth herein.
Chapter 420, article II, of the Code contains only two provisions which specifically refer to the return of a defendant’s vehicle. First, pursuant to SCC § 420-6 (C), an action for forfeiture under section 420-7 (A) must be commenced “within 180 days after the seizure. Failure to commence such an action withfin] 180 days after the seizure shall result in the immediate return of the property to its lawful owner.” Second, after a seizure of property has been made under section 420-6, if it is determined that the noncriminal defendant owner of the subject property, or the individual whose criminal actions precipitated the seizure, has not been previously convicted at least once of a violation of one of the enumerated offenses set forth in SCC § 420-5, then the subject property so seized “shall immediately be returned to its lawful owner as of the time of seizure” (SCC § 420-7 [K]). Curiously absent from the Code, however, is a provision requiring the County to return a defendant’s vehicle where, as here, the County fails in the first instance to meet its burden of showing “clear and convincing evidence that the noncriminal defendant engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant” (SCC § 420-7 [G] [emphasis added]). Furthermore, the provisions of this chapter of the Code do not specify the means or method by which the County shall return a defendant’s vehicle under any given circumstance.
The Code does authorize the court to exercise its discretion, in the interests of justice, in determining the forfeiture liability of a noncriminal defendant. In this regard, SCC § 420-9 (B) states: “Nothing contained in this article shall require a court to order a forfeiture when it determines, in its discretion, that it is in the interests of justice not to do so.” Given the lack of provision detailing the means and method for return of a defendant’s vehicle, and given the “interests of justice” discretion afforded by the Code, the court directs that the County shall notify defendant Katherine Roca by personal delivery, or by certified mail (return receipt requested) and first-class mail, to her address on file with the New York State Department of Motor Vehicles, of her right to take possession of the subject vehicle at the current place of storage.
Since the County has failed to produce clear and convincing evidence that Katherine Roca, as the noncriminal defendant, *406 engaged in affirmative acts which aided, abetted or facilitated the conduct of the criminal defendant, as required by SCC § 420-7 (G), she shall not be required to pay any related charges or fees as a condition of release of the vehicle to her. It would be unjust to grant forfeiture against the noncriminal defendant under the circumstances presented herein, and it would be equally unjust to require her to pay any charges and fees related to the seizure of her vehicle where the County has failed to show, by clear and convincing evidence, that she bears any culpability in this case.
In the event Ms. Roca fails to take possession of the vehicle within 60 days after notice by the County of her right to do so, then the County shall promptly submit an application by order to show cause for an order granting forfeiture on the basis of her failure to timely take possession of the vehicle. Such order to show cause shall include as exhibits a copy of the affidavit of service of this order and a copy of the notice served upon the noncriminal defendant regarding her right to take possession of the vehicle.