| **Jones v Greuner** |
|:---:|
| 2025 NY Slip Op 30058(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805013/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. JOHN J. KELLEY__                          PART                    56M

_Justice_

------------------------------------------------------------------------------X

DELISE JONES,

                           Plaintiff,

                    - v -

DAVID GREUNER, M.D., and GREUNER MEDICAL, P.C.,
doing business as NYC SURGICAL ASSOCIATES,

                        Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805013/2024 |
| MOTION DATE | 08/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for        __JUDGMENT - DEFAULT__ .

In this action to recover damages for medical malpractice, lack of informed consent, violation of 8 NYCRR 29.2(a), and fraudulent misrepresentation, the plaintiff moves pursuant to CPLR 3215 for leave to enter a default judgment against the defendants, and to proceed to inquest on the issue of damages against them. The defendants did not oppose the motion. The motion nonetheless is denied, albeit without prejudice to renewal upon proper papers, as set forth herein, that include an expert affidavit or affirmation from a physician.

Where a plaintiff moves for leave to enter a default judgment, he or she must submit proof of service of the summons and complaint upon the defaulting defendants, proof of the defendants' defaults, and proof of the facts constituting the claim (_see_ CPLR 3215[f]; _Woodson v Mendon Leasing Corp_., 100 NY2d 62, 70-71 [2003]; _Gray v Doyle_, 170 AD3d 969, 971 [2d Dept 2019]; _Rivera v Correction Officer L. Banks_, 135 AD3d 621 [1st Dept 2016]; _Atlantic Cas. Ins. Co. v RJNJ Services, Inc_. 89 AD3d 649 [2d Dept 2011]; _see also Manhattan Telecom. Corp. v H & A Locksmith, Inc._, 21 NY3d 200, 202 [2013]).

805013/2024   JONES, DELISE vs. GREUNER MD, DAVID ET AL                    Page 1 of 8
Motion No.  001

1 of 8

The relevant affidavits of service filed in this action established that, on February 9, 2024, the plaintiff served process upon the defendant Greuner Medical, P.C., doing business as NYC Surgical Associates (the professional corporation), by delivering two copies of the summons and complaint, and paying the appropriate fee, to the New York Secretary of State (see CPLR 311[a][1]; Business Corporation Law § 306). The professional corporation thus was required to answer, appear, or move with respect to the complaint no more than the first business day 30 days thereafter (see CPLR 3102[c]; General Construction Law § 25-a), that is, on or before March 11, 2024. These affidavits of service further established that the plaintiff served process upon the defendant David Greuner, M.D., (a) by delivering a copy of the summons and complaint on March 28, 2024 to Greuner's coworker, Arlene Lora, at Greuner's actual place of business, (b) by mailing additional copies thereof to Greuner on April 2, 2024 at that same address in a properly addressed and marked envelope, and (c) by filing an affidavit of service referable to the delivery and mailing on April 4, 2024 (see CPLR 308[2]). Service upon Greuner thus was "completed" on the first business day after 10 days had lapsed following the filing of the affidavit of service, that is, on April 15, 2024 (see id.; General Construction Law § 25-a). Greuner thus was required to answer, appear, or move with respect to the complaint no more than the first business day 30 days subsequent to April 15, 2024, or by May 15, 2024. Inasmuch as a process server's affidavit of service is prima facie evidence of proper service (see Johnson v Deas, 32 AD3d 253, 254 [1st Dept 2006]), and the defendants did not oppose this motion, the plaintiff made a prima facie showing that the defendants were properly served with process pursuant to the CPLR.

The affirmation of the plaintiff's attorney established that he timely and properly served an additional notice upon the professional corporation in accordance with CPLR 3215(g)(4), and further established that neither Greuner nor the professional corporation answered, moved, or appeared in a timely manner. The plaintiff made the instant motion on August 6, 2024 (see

805013/2024 JONES, DELISE vs. GREUNER MD, DAVID ET AL Page 2 of 8
Motion No. 001

2 of 8

[* 2]

CPLR 2211) and, thus, within one year of both defendants' defaults.  The plaintiff's motion is thus timely (*see* CPLR 3215[c]).

With respect to the proof of the facts constituting the claim,

> "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown.  Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action (*see*, 4 Weinstein-Korn-Miller, NY Civ Prac paras. 3215.22-3215.27).  The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts"

(*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]; *see Martinez v Reiner*, 104 AD3d 477, 478 [1st Dept 2013]; *Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006]).  Stated another way, while the "quantum of proof necessary to support an application for a default judgment is not exacting . . . some firsthand confirmation of the facts forming the basis of the claim must be proffered" (*Guzetti v City of New York*, 32 AD3d 234, 236 [1st Dept 2006]).  In other words, the proof submitted must establish a prima facie case (*see id.*; *Silberstein v Presbyterian Hosp.*, 95 AD2d 773 [2d Dept 1983]).  "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [2d Dept 1992]; *see Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1238 [3d Dept 2010]).  In moving for leave to enter a default judgment, the plaintiff must "state a viable cause of action" (*Fappiano v City of New York*, 5 AD3d 627, 628 [2d Dept 2004]). In evaluating whether the plaintiff has fulfilled this obligation, the defendant, as the defaulting party, is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]).  The court, however, must still reach the legal conclusion that those factual allegations establish a prima facie case (*see Matter of Dyno v Rose*, 260 AD2d 694, 698 [3d Dept 1999]).

Proof that the plaintiff has submitted "enough facts to enable [the] court to determine that a viable" cause of action exists (*Woodson v Mendon Leasing Corp.*, 100 NY2d at 71; *see Gray v*

805013/2024   JONES, DELISE vs. GREUNER MD, DAVID ET AL
Motion No.  001

Page 3 of 8

*Doyle*, 170 AD3d at 971) may be established by an affidavit of a party or someone with knowledge, authenticated documentary proof, or by a complaint verified by the plaintiff that sufficiently details the facts and the basis for the defendant's liability (*see* CPLR 105[u]; *Woodson v Mendon Leasing Corp*., 100 NY2d at 71; *Gray v Doyle*, 170 AD3d at 971; *Voelker v Bodum USA, Inc*., 149 AD3d 587, 587 [1st Dept 2017]; *Al Fayed v Barak*, 39 AD3d 371, 371 [1st Dept 2007]; *see also Michael v Atlas Restoration Corp*., 159 AD3d 980, 982 [2d Dept 2018]; *Zino v Joab Taxi, Inc*., 20 AD3d 521, 522 [2d Dept 2005]; *see generally Mitrani Plasterers Co., Inc. v SCG Contr. Corp*., 97 AD3d 552, 553 [2d Dept 2012]). For purposes of CPLR 3215, a complaint verified by a party may be employed as proof of the facts constituting the claim (*see* CPLR 105[u]), but only where it sets forth sufficient, detailed evidentiary facts, rather than mere conclusions (*see Celnick v Freitag*, 242 AD2d 436, 437 [1st Dept 1997]). A verified complaint that is conclusory in nature and devoid of factual allegations constituting the claim is insufficient to demonstrate the requisite proof (*see Cohen v Schuple*r, 51 AD3d 706, 707 [2d Dept 2008]; *Luna v Luna*, 263 AD2d 470 [2d Dept 1999]). In other words, the verified complaint must "set forth the facts constituting the alleged negligence" (*Beaton v Transit Facility Corp*., 14 AD3d 637, 637 [2d Dept 2005]).

With respect to the proof of the facts underlying her claims, the plaintiff relied only upon her own affidavit, the complaint, which was verified by her attorney, and her attorney's affirmation. Crucially, in the context of a medical malpractice action, an affidavit or affirmation of merit from an expert is required unless the matters alleged are within the ordinary experience and knowledge of a lay person (*see Fiore v Galang*, 64 NY2d 999, 1000-1001 [1985]; *Bollinger v Mark Mordechai Liechtung, DMD, P.C.*, 2023 NY Slip Op 31537[U], *5, 2023 NY Misc LEXIS 2231, *6 [Sup Ct, N.Y. County, May 5, 2023] [Kelley, J.]; *Checo v Mwando*, 2022 NY Slip Op 31223[U], *4, 2022 NY Misc LEXIS 1865, *5 [Sup Ct, N.Y. County, Apr. 7, 2022] [Kelley, J.]; *Garcia v Solomon*, 2020 NY Misc LEXIS 17635, *2 [Sup Ct, Bronx County, Jun. 19, 2020]; *Charles v Wolfson*, 62 Misc 3d 1224[A], 2019 NY Slip Op 50251[U], *1, 2019 NY Misc LEXIS

866, *3 [Sup Ct, Bronx County, Mar 6, 2019]; *see generally Burindaro v Grinberg*, 57 AD3d 932, 933 [2d Dept 2008] ["plaintiff failed to demonstrate the existence of a meritorious cause of action" in medical malpractice case]). Although a motion for leave to enter a default judgment may be granted against a health-care provider in a malpractice action where the plaintiff submits an expert affirmation or affidavit, or even a peer-review document (*see Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C.*, 143 AD3d 768, 769-770 [2d Dept 2016]; *Diaz v Perez*, 113 AD3d 421, 421-422 [1st Dept 2014]), such a motion must be denied even where such an affidavit or affirmation is submitted, but is found to be insufficient (*see Durr v New York Community Hosp.*, 43 AD3d 388, 389 [2d Dept 2007]; *cf. Willaims v D'Angelo*, 24 AD3d 538, 539 [2d Dept 2005] [expert affirmation of merit is required to restore a medical malpractice action to the trial calendar pursuant to CPLR 3404 after it had been marked off the calendar for more than one year]; *American Tr. Ins. Co. v Excell Clinical Lab*, 2020 NY Slip Op 34123[U], *4, 2020 NY Misc LEXIS 10480, *4 [Sup Ct, N.Y. County, Dec. 10, 2020] [expert affirmation of merit is required by no-fault automobile insurer to support its request to enter default judgment declaring that it was not obligated to pay benefits to non-appearing health-care provider, where the basis for its disclaimer was that the treatment rendered by provider was not medically necessary]).

The complaint here alleged malpractice in very general, conclusory, and boilerplate language, and essentially asserted that the procedures that Greuner performed upon the plaintiff were not medically indicated for testing or treatment of her lower extremity lymphedema. The complaint further alleged that most, if not all, of the procedures that Greuner performed were outside of his scope of training and expertise, and that he "appointed himself" as the plaintiff's vascular surgeon, orthopedist, gastroenterologist, hepatologist, nephrologist, and interventional radiologist, despite the fact that he was not "a licensed vascular surgeon," although he was indeed a licensed physician. The complaint faulted Greuner for inaccurate recordkeeping, and asserted that he misdiagnosed stenosis in the plaintiff's left common iliac vein. Furthermore, the complaint asserted that Greuner conducted numerous nonindicated

805013/2024  JONES, DELISE vs. GREUNER MD, DAVID ET AL          Page 5 of 8
Motion No.  001

5 of 8

diagnostic and medical procedures upon the plaintiff, and that he failed to obtain the plaintiff's

fully informed, qualitatively sufficient consent to that testing and those procedures.  In addition,

the complaint alleged that Greuner's failure to maintain accurate records constituted

"unprofessional conduct" within the meaning of 8 NYCRR 29.2(a)(3), and that his determination

to order and perform excessive testing, and render treatments that were not warranted by the

plaintiff's condition, also constituted "unprofessional conduct" within the meaning of 8 NYCRR

29.2(a)(7).  Moreover, the plaintiff alleged in her complaint that Greuner falsely represented to

her that he had training as a vascular surgeon, when, in fact, he did not have such training

either as a resident, fellow, or intern, and was not board-certified in vascular surgery.  Finally,

the plaintiff asserted in her complaint that this negligent and tortious conduct, as well as the

regulatory violation, caused or contributed to her injuries.

   In her own affidavit, the plaintiff reiterated these allegations, and further asserted that her

attorney had informed her that Greuner's license to practice medicine currently is suspended in

New York and New Jersey, although she conceded that, at the time of his testing and treatment,

he was licensed in New York, where he performed the procedures.  The plaintiff further alleged

that,

> "[n]ot only did my lymphedema not improve, but I then developed a severe calf
> wound on my left leg as a result of the procedures performed by DR. GREUNER,
> requiring extensive treatment, including numerous hyperbaric sessions, skin
> grafts, debridement, wound care, wound vac, infections, the need for pain
> medications and antibiotics."

The types of departures from good and accepted practice in the context of testing and treatment

for lymphedema of the legs that the plaintiff alleged here are perfect examples of the classes of

departures that a non-expert, lay person would be completely unqualified to assess in the

absence of an expert affirmation or expert testimony.  Moreover, while a violation of 8 NYCRR

29.2(a), which, among other things, requires physicians and hospitals to maintain accurate

records, may, under certain circumstances, constitute a departure or deviation from accepted

practice (*see generally Collado v New York and Presbyterian Hosp.,* 2022 NY Misc LEXIS

805013/2024   JONES, DELISE vs. GREUNER MD, DAVID ET AL                    Page 6 of 8
   Motion No.  001

6 of 8

43557, *61-62 [Sup Ct, N.Y. County, Aug. 3, 2022] [Kelley, J.]; *Khosrova v Westermann*, 2011 NY Slip Op 32628[U], *5, 2011 NY Misc LEXIS 4768, *13 [Sup Ct, Suffolk County, Oct. 4, 2011]), a physician's affidavit or affirmation is necessary to establish that a defendant in fact failed to maintain accurate records or performed unnecessary procedures. Similarly, for a statutory claim of lack of informed consent to be actionable, a defendant must have engaged in a "non-emergency treatment, procedure or surgery" or "a diagnostic procedure which involved invasion or disruption of the integrity of the body" (Public Health Law § 2805-d[2]), where "'[the] showing of qualitative insufficiency of the consent [is] required to be supported by expert medical testimony'" (*King v Jordan*, 265 AD2d at 260, quoting *Hylick v Halweil*, 112 AD2d 400, 401 [2d Dept 1985]; *see* CPLR 4401-a; *Gardner v Wider*, 32 AD3d 728, 730 [1st Dept 2006]). With respect to the fraud cause of action, the plaintiff's failure to submit a physician's affirmation or affidavit rendered her submissions insufficient to establish that any fraudulent representations made by Greuner with respect to his training and experience proximately caused or contributed to her injuries. Hence, even if properly verified by the plaintiff herself, both the complaint and the plaintiff's affidavit were insufficient to support the entry of a default judgment against the defendants (*see LoGiudice v Zavarella*, 2019 NY Misc LEXIS 16235 [Sup Ct, Suffolk County, Nov. 27, 2019]; *Charles v Wolfson*, 2019 NY Slip Op 50251[U], 62 Misc 3d 1224[A]).

Accordingly, it is,

ORDERED that the plaintiff's motion for leave to enter a default judgment against the defendants, and to proceed to inquest on the issue of damages against them, is denied, without prejudice to renewal upon proper papers that include a physician's expert affirmation or affidavit opining, within a reasonable degree of medical certainty, that the defendants committed malpractice, violated 8 NYCRR 29.2(a), and failed to obtain the plaintiff's fully informed consent in a qualitatively sufficient manner, and that these wrongful acts, and/or fraudulent misrepresentations, proximately caused or contributed to the plaintiff's injuries.

805013/2024 JONES, DELISE vs. GREUNER MD, DAVID ET AL Page 7 of 8
Motion No. 001

[* 7] 7 of 8

This constitutes the Decision and Order of the court.

_____
**1/6/2025**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

**805013/2024   JONES, DELISE vs. GREUNER MD, DAVID ET AL**
**Motion No.  001**

Page 8 of 8

[* 8]