■ DIANE DEL VECCHIO et al., Appellants, v KEITH NELSON, Respondent. [751 NYS2d 290] —In an action, inter alia, to recover damages for trespass, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 27, 2001, as denied that branch of their motion which was for summary judgment dismissing the defendant's counterclaim and affirmative defense.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the counterclaim and affirmative defense is granted, and the counterclaim and affirmative defense are dismissed.

The plaintiffs allege that the defendant trespassed upon their residence on two occasions. The defendant counterclaimed, alleging prima facie tort, in that he was humiliated and emotionally upset because the plaintiffs knew the suit to be frivolous and that he was rendered "sick, sore, lame and disabled" as a consequence thereof. The plaintiffs moved, inter alia, for summary judgment dismissing the defendant's counterclaim and affirmative defense.

The Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing

the defendant's counterclaim alleging damages for prima facie tort. The requisite elements for a cause of action sounding in a prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series or series of acts which are otherwise legal (*see Curiano v Suozzi,* 63 NY2d 113; *Drago v Buonagurio,* 46 NY2d 778). An element of the cause of action is that the complaining party suffered specific and measurable loss, which requires an allegation of special damages (*see Freihofer v Hearst Corp.,* 65 NY2d 135; *Curiano v Suozzi, supra*). The defendant failed to allege special damages beyond the physical, psychological, or financial demands of defending a lawsuit (*see Engel v CBS, Inc.,* 93 NY2d 195; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314; *Levy v Coates,* 286 AD2d 424). As such, his counterclaim fails.

The defendant's purported "separate and complete affirmative defense" fails to state a cognizable affirmative defense, and accordingly should have been dismissed. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.