■ Elizabeth Rosado, Respondent, v Steven M. Hughes, Appellant. [806 NYS2d 477]—

Order, Family Court, Bronx County (James Weigert, Support Mag.), entered on or about January 26, 2005, insofar as it implicitly denied respondent Hughes's motion for summary judgment dismissing the petition for an award of support for college education for the parties' sons, and denied as premature respondent's application for sanctions, unanimously affirmed, without costs.

Although Family Court characterized the motion and cross motion as seeking counsel fees and evidence of employment by respondent Hughes's counsel, both parties have proceeded on the understanding that the appealed order implicitly denied respondent's summary judgment motion. We perceive no basis for the summary relief sought and accordingly affirm. Determining whether respondent should be compelled to fund the college education of his two older sons (*see* Family Ct Act § 413; Domestic Relations Law § 240 [1-b] [c] [7]) entails consideration of numerous factual issues raised by the present record respecting, inter alia, respondent's financial circumstances, the causes of the alleged rupture between him and his oldest son, his sons' academic endeavors and what sort of college(s) would be suitable for them (*see e.g. Otero v Otero*, 222 AD2d 328, 329-330 [1995]).

Any determination respecting fees and sanctions should await disposition of the substantive issues.

Finally, petitioner has suggested that the propriety of the subpoena issued by her attorney seeking employment records of respondent's present wife, who is also his attorney, is now a moot issue. Under such circumstances, no further action is taken except to note that the request was improper and should not be revived in any fashion. Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.