■ MICHAEL CARDO, Respondent-Appellant, v BOARD OF MAN-
AGERS, JEFFERSON VILLAGE CONDO 3, Appellant-Respondent. [817
NYS2d 315]—

In an action, inter alia, for a judgment declaring invalid an
assessment imposed by the defendant, the defendant appeals
from so much of an order and judgment (one paper) of the
Supreme Court, Westchester County (Tolbert, J.), entered Janu-
ary 25, 2005, as denied those branches of its motion which were
for summary judgment on its counterclaim and for an inquest
on damages with respect to the counterclaim, and to impose a
sanction against the plaintiff pursuant to 22 NYCRR 130-1.1,
and, in effect, dismissed its counterclaim, and the plaintiff cross-
appeals, as limited by his brief, from so much of the same order
and judgment as granted those branches of the defendant's mo-
tion which were to strike the complaint on the ground that it
was not signed in accordance with 22 NYCRR 130-1.1a (a), and,
in effect, to award the defendant costs on its motion and the
plaintiff's cross motions, denied those branches of his cross mo-
tion which were for summary judgment and "compensating
plaintiff for his work on this case," and denied that branch of
his second cross motion which was, in effect, for leave to serve
and file a properly-signed complaint.

Ordered that the order and judgment is modified, on the law,
by (1) deleting the provisions thereof granting that branch of
the defendant's motion which was to strike the plaintiff's
complaint on the ground that it was not signed in accordance
with 22 NYCRR 130-1.1a (a) and substituting therefor a provi-
sion denying that branch of the motion, (2) deleting the provi-
sion thereof denying that branch of the plaintiff's second cross
motion which was, in effect, for leave to serve and file a
properly-signed complaint and substituting therefor a provision
granting that branch of the plaintiff's second cross motion, and
(3) deleting the provision thereof granting that branch of the
defendant's motion which was, in effect, to award the defendant
costs on its motion and the plaintiff's cross motions; as so mod-

ified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the complaint is reinstated, the properly-signed complaint is deemed served and filed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiff contends that the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's motion which was to strike the complaint on the ground that it was not signed in accordance with 22 NYCRR 130-1.1a (a). In the absence of any showing of confusion, prejudice to the defendant, or that the pleading was frivolous within the meaning of 22 NYCRR 130-1.1 (c), we agree with the plaintiff's contention (*see Pronti v Hogan,* 278 AD2d 841, 841-842 [2000]; *Maldonado v Galindo Constr. Corp.,* 2003 NY Slip Op 51118[U], *2 [App Term, 2d & 11th Jud Dists 2003]; *see also* CPLR 2001, 2101 [f]; *Hunt v Hunt,* 273 AD2d 875, 875-876 [2000]). "The purposes of the rule are furthered where . . . the court exercises its discretion to permit [the] plaintiff leave to file and serve a properly signed pleading" (*Pronti v Hogan, supra* at 841-842; *see Maldonado v Galindo Constr. Corp., supra*).

Because the Supreme Court dismissed the complaint for failure to comply with 22 NYCRR 130-1.1a (a), it did not determine the plaintiff's cross motion for summary judgment on the merits. Thus, we remit the matter to the Supreme Court for a determination of the cross motion on the merits (*see e.g. American Fedn. of School Adm'rs, AFL-CIO v Council of Adm'rs & Supervisors,* 266 AD2d 417, 418 [1999]).

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment on its counterclaim based on the plaintiff's default in responding to the counterclaim and for an inquest on damages with respect to the counterclaim, and, in effect, dismissed the counterclaim. The counterclaim purported to allege a cause of action sounding in prima facie tort. The elements of such a cause of action are "(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series . . . of acts which are otherwise legal" (*Del Vecchio v Nelson,* 300 AD2d 277, 278 [2002]; *see Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143 [1985]). "A critical element of the cause of action is that [the party asserting the cause of action] suffered specific and measurable loss, which requires an allegation of special damages" (*Freihofer v Hearst Corp., supra* at 143). "The defendant failed to allege special damages beyond the physical, psychological, or financial demands of defending a lawsuit" (*Del Vecchio v Nelson, supra* at 278; *see Engel v CBS, Inc.,* 93 NY2d

195, 205 [1999]). "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.,* 187 AD2d 635, 636 [1992]; *see Cree v Cree,* 124 AD2d 538, 541 [1986]).

"Any determination respecting fees and sanctions should await disposition of the substantive issues" (*Rosado v Hughes,* 23 AD3d 318, 319 [2005]). Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.