■ In the Matter of RICHARD M. GREEN, Appellant, v NICOLE M. TIERNEY, Respondent. [875 NYS2d 296]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered June 2, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent are the unmarried parents of a child. On May 22, 2008, petitioner applied for custody of the child without signing or having his attorney sign the petition. Family Court thereafter dismissed his petition for failing to comply with the signature requirement of 22 NYCRR 130-1.1a. Petitioner now appeals.

Petitioner contends that Family Court erred in dismissing his petition for not containing a signature as required by 22 NYCRR 130-1.1a. We agree. "Absent good cause shown, the court shall strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party" (22 NYCRR 130-1.1a [a]). Here, although it is not clear from the record whether petitioner was represented by counsel at the time the petition was filed, there is no indication that petitioner or his attorney was given an opportunity to promptly correct the error. Nor is there any evidence that respondent has been confused or prejudiced by the error. Accordingly, we conclude that the dismissal of the unsigned petition without first bringing the error to petitioner's attention so it could be corrected was an improvident exercise of discretion (*see Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 29 AD3d 930, 931 [2006]; *Pronti v Hogan*, 278 AD2d 841, 841-842 [2000]).

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.