In the Matter of DAKOTA SS., a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA SS., Appellant. (Proceeding No. 1.) In the Matter of JESSICA SS., Appellant, v PATRICIA SS. et al., Respondents. (Proceeding No. 2.) [890 NYS2d 359]—Rose, J.

Jessica SS. (hereinafter the mother) was adjudged to have neglected her daughter in June 2007 and placed under the supervision of the Broome County Department of Social Services (hereinafter DSS). In February 2008, DSS filed two petitions seeking an extension of the period of supervision and an adjudication that the mother willfully violated the prior order. The mother moved for dismissal of those petitions as procedurally defective. Family Court denied the motion. When the mother commenced proceeding No. 2 to obtain visitation with the child, Family Court dismissed her pro se petition without prejudice because it was not signed by counsel. The mother now appeals from both orders.

The mother's appeal from the order in proceeding No. 1 is moot because Family Court subsequently dismissed the two petitions filed by DSS against her by an order entered in November 2008 (see Matter of Sandulescu v Caico, 64 AD3d 905, 906 [2009]; Matter of King v Jackson, 52 AD3d 974, 975 [2008]; Matter of Coakley v Sanders, 247 AD2d 648 [1998]).

Turning to the mother's appeal from the order entered in proceeding No. 2, we agree that dismissal of the petition without first bringing the missing signature to the attention of the mother or her attorney so it could be corrected was an improvident exercise of Family Court's discretion (see 22 NYCRR 130-1.1a [a]; Matter of Green v Tierney, 59 AD3d 900, 901 [2009]; Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930, 931 [2006]).

Cardona, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the appeal from the order entered May 16, 2008 is dismissed, as moot, without costs. Ordered that the order entered May 13, 2008 is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with the Court's decision.