■ In the Matter of HEAVEN C. and Others, Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIA B. et al., Appellants. [898 NYS2d 281]—

---

McCarthy, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 31, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to continue the placement of respondents' children.

Respondent Julia B. (hereinafter the mother) and respondent Thomas C. (hereinafter the father) are the parents of three children (born in 2002, 2004 and 2006). In 2007, Family Court adjudicated the children to be neglected, placed them with petitioner and ordered respondents to maintain a stable residence and source of income. Several subsequent permanency proceedings resulted in the parties stipulating to orders continuing placement of the children with petitioner. At a January 2009 permanency hearing, petitioner rested on its permanency hearing report without offering any testimony. The mother was the only witness called on behalf of respondents. At the conclusion of her testimony, respondents and the Law Guardian moved to dismiss the petition and immediately return the children to respondents' care. Family Court denied the motion and approved the permanency plan that continued the children's placement with the goal of returning them to respondents. Respondents appeal, arguing, among other things, that Family Court should have rejected the permanency hearing report because it was not signed by petitioner's counsel (see 22 NYCRR 130-1.1a).*

Initially, we find that because another permanency hearing was held resulting in a September 2009 order that again continued the children's placement, this appeal is moot. However, because the issue of whether permanency hearing reports must be signed by an attorney is novel, likely to recur and—given the statutorily mandated frequency of permanency hearings (see Family Ct Act § 1089 [a])—likely to evade appellate review, we find that the exception to the mootness doctrine exists and, therefore, address this narrow issue (see Matter of M.B., 6 NY3d 437, 447 [2006]; Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540

---

* Although the father improperly appealed from the decision denying his motion rather than the subsequent order, we exercise our discretion to consider the premature notice of appeal as valid in the interest of justice (see Matter of Rebecca KK., 31 AD3d 830, 831 n [2006]). The Law Guardian did not file a notice of appeal. In any event, the relief he seeks is either duplicative of relief sought by another party or unavailable in the context of this appeal.

US 1017 [2003]; *Matter of Rodriguez v Wing*, 94 NY2d 192, 196 [1999]; *Matter of Schermerhorn v Becker*, 64 AD3d 843, 845 [2009]; *see also City of New York v Maul*, 59 AD3d 187, 191 [2009]).

Turning to the merits, the certification requirement contained in 22 NYCRR 130-1.1a applies to permanency hearing reports. 22 NYCRR part 130 specifically states that it is inapplicable to, among other things, proceedings commenced under Family Ct Act articles 3, 7 and 8 (*see* 22 NYCRR 130-1.1 [a]), but no similar exclusion is contained for proceedings under Family Ct Act articles 10 or 10-A. The certification regulation provides that "[e]very pleading, written motion, and other paper, *served on another party* or filed or *submitted to the court* shall be signed by an attorney, or by a party if the party is not represented by an attorney" (22 NYCRR 130-1.1a [a] [emphasis added]). It follows that a permanency hearing report, which Family Ct Act § 1089 (b) (1) and (2) specifies shall be served on other parties and "shall be submitted to the court," must be signed by an attorney for the social services agency responsible for the report. Importantly, however, an unsigned report need not be stricken if the omission is "corrected promptly after being called to the attention of the attorney or party" or good cause for the failure to correct the omission is shown (22 NYCRR 130-1.1a [a]; *see Matter of Dakota SS. [Jessica SS.]*, 68 AD3d 1462 [2009]; *compare Matter of Green v Tierney*, 59 AD3d 900, 901 [2009]).

The remaining issues have been rendered moot by the subsequent permanency hearing and order, and do not fall within the mootness exception.

Cardona, P.J., Peters, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.