In an action to recover damages for libel, libel per se, and prima facie tort, the defendants Baumann & Sons Buses, Inc., and William Heitmann appeal from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered July 11, 2011, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a bus driver employed by the defendant Baumann & Sons Buses, Inc. (hereinafter Baumann), and the defendant Carlos Sanchez, a fellow Baumann employee, were involved in a verbal altercation. Following that incident, Sanchez wrote a memorandum to Baumann’s Terminal Supervisor, William Heitmann, alleging that the plaintiff had threatened to kill Sanchez and asking Heitmann to take action against the plaintiff. Heitmann then contacted the plaintiffs union and, at some point, met with the plaintiff, the union representative, and others. During the meeting, the plaintiff allegedly became *711 very upset and accused Baumann of a conspiracy to terminate his employment.
Thereafter, Heitmann spoke with Mary E. Fountain, an employee of the defendant Ossining Union Free School District (hereinafter the School District), and, upon her request, sent her an e-mail in which he reviewed Sanchez’s allegations and the meeting with the plaintiff. Referring to the plaintiffs “tantrum” and “eruption” during the meeting, Heitmann stated that he believed that the plaintiff was a threat to the safety of school children. Heitmann also noted that Baumann could not remove the plaintiff because it was “bound” by the plaintiffs union and impliedly urged Fountain to disqualify the plaintiff, warning that the failure to remove the plaintiff from driving school buses could result in a dangerous situation. Heitmann’s e-mail alluded to the violent incident at Columbine High School in Colorado and characterized the plaintiff as a “loose nut.”
Shortly after receiving Heitmann’s e-mail, Fountain, on behalf of the School District, disqualified the plaintiff from driving a school bus. Baumann then terminated the plaintiffs employment because no other suitable work was available after the plaintiff was disqualified. The plaintiffs Union challenged the termination during an arbitration, pursuant to a collective bargaining agreement (hereinafter the CBA). The arbitrator found that Baumann violated the CBA by failing to offer the plaintiff other suitable work. The plaintiff then commenced this action against, among others, Baumann and Heitmann (hereinafter together the Baumann defendants) asserting, inter alia, that the Sanchez memorandum and Heitmann e-mail constituted libel, libel per se, and prima facie tort. The Baumann defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the motion was denied.
The Baumann defendants’ contention that the plaintiff’s claims were preempted by the Labor Management Relations Act is raised for the first time on appeal, and therefore, is not properly before this Court.
While the Baumann defendants are correct that prior arbitration awards may be given preclusive effect in a subsequent judicial action by operation of the doctrines of res judicata and collateral estoppel (see Mahler v Campagna, 60 AD3d 1009, 1012 [2009]), the plaintiffs libel and prima facie tort causes of action were not actually decided in the prior arbitration (see Courthouse Corporate Ctr. LLC v Schulman, 74 AD3d 725, 727 [2010]; Mahler v Campagna, 60 AD3d at 1012).
Moreover, the Supreme Court correctly concluded that the *712 plaintiff had. properly pleaded causes of action alleging libel and libel per se. The elements of defamation are that a false statement about a plaintiff was published to a third party, without privilege or authorization (see Knutt v Metro Intl., S.A., 91 AD3d 915, 916 [2012]). The common-interest privilege arises where a person makes a bona fide communication upon a subject in which he and the recipient both have an interest (see Liberman v Gelstein, 80 NY2d 429, 437 [1992]). However, if the plaintiff can demonstrate that the defendant made the allegedly false statement with “malice,” the privilege may be dissolved (id.). To establish the “malice” necessary to defeat the privilege, the plaintiff may show either common-law malice, i.e., “spite or ill will,” or may show “ ‘actual malice,’ ” i.e., knowledge of falsehood of the statement or reckless disregard for the truth (id. at 437-438, quoting New York Times Co. v Sullivan, 376 US 254, 280 [1964]). Here, while the common-interest privilege applies to the allegedly defamatory statements, the complaint includes numerous and specific allegations of malice and ill will, including allegations that Heitmann and Sanchez colluded in an effort to circumvent the CBA and to have the plaintiffs employment terminated.
Additionally, the Supreme Court correctly concluded that the plaintiff pleaded a cause of action alleging a prima facie tort. The requisite elements for a cause of action sounding in prima facie tort include (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal (see Del Vecchio v Nelson, 300 AD2d 277, 278 [2002]; see also Curiano v Suozzi, 63 NY2d 113 [1984]; Drago v Buonagurio, 46 NY2d 778 [1978]). An element of a prima facie tort cause of action is that the complaining party suffered specific and measurable loss, which requires an allegation of special damages (see Del Vecchio v Nelson, 300 AD2d at 278). Additionally, central to a cause of action alleging prima facie tort is that the plaintiffs intent was motivated solely by malice or “disinterested malevolence” (Simaee v Levi, 22 AD3d 559, 563 [2005] [internal quotation marks omitted]; see Lancaster v Town of E. Hampton, 54 AD3d 906, 908 [2008]).
Here, the complaint clearly includes a claim for special damages in the form of lost wages, lost benefits, and medical expenses. Moreover, the complaint includes specific allegations of malice or disinterested malevolence. Contrary to the Baumann defendants’ assertion, the plaintiff alleged that there was malice, and that disinterested malevolence was the only reason for Sanchez to have written his memorandum to Heitmann and for Heitmann to have written the e-mail to Fountain.
*713 The parties’ remaining contentions are without merit.
Accordingly, the Supreme Court correctly denied the Baumann defendants’ motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.