■ In the Matter of BRADLY A., a Child Alleged to be Permanently Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAWRENCE A., Appellant. [947 NYS2d 842]—

Lahtinen, J.

Respondent sexually abused his two daughters (who have since reached the age of majority) resulting in, among other things, the removal of his son (born in 1994) from the home in 2008. As relevant to this appeal, Family Court subsequently determined that he had permanently neglected his son and, following a dispositional hearing, respondent's parental rights as to his son were terminated. Respondent appeals challenging the termination of his parental rights.*

We affirm. "[T]he disposition following a hearing on permanent neglect shall be made solely on the basis of the best interests of the child" (*Matter of James X.*, 37 AD3d 1003, 1007 [2007]; *see Matter of Brandon OO.*, 302 AD2d 807, 807 [2003]). Respondent is currently serving a lengthy prison sentence as a result of crimes perpetrated upon his daughters, and there is an order of protection in effect precluding respondent from any contact with his son. The child witnessed some of the abuse inflicted upon his older sisters by respondent, he has not had any contact with respondent for several years and he has made it clear that he does not want respondent to be part of his life. Petitioner notes that, without termination of his parental rights, respondent will continue to receive information about the child, including copies of the child's permanency reports, and the child has stated that he does not want respondent to receive information about him. The counselor who is providing professional help to the child stated that termination is in the child's best interests. The attorney for the child likewise advocated for termination of respondent's parental rights. Unlike some cases where a neglected child nearing the age of majority has maintained a relationship with a parent, there is no relationship here. There is also proof that the continuation of any parental rights by respondent will be detrimental to the child's recovery efforts. The record fully supports Family Court's determination.

Peters, P.J., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although respondent improperly appealed from Family Court's decision rather than the ensuing order entered thereon, we exercise our discretion and treat the premature notice of appeal as valid (*see Matter of Heaven C. [Julia B.]*, 71 AD3d 1301, 1302 n [2010]).