McCarthy, J.
Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered March 4, 2013, which, in a proceeding pursuant to Family Ct Act article 4, dismissed respondent’s objections to an order of the Support Magistrate.
The parties are the divorced parents of three children. In the parties’ custody and child support agreement, which was later incorporated into their judgment of divorce, respondent (hereinafter the father) was required to pay, among other things, 50% of the child-care expenses incurred by petitioner (hereinafter the mother) that were related to her education or employment. The mother filed a petition alleging that the father violated the child support agreement by failing to pay for child-care expenses. Following a hearing, the Support Magistrate determined that the father had willfully failed to obey a prior court order, required that he pay $3,300 plus interest for overdue child-care expenses, and required that he pay the mother’s counsel fees. In an amended order, the Support Magistrate specified the exact amount of counsel fees.
Before the amended order was entered, the father’s counsel filed a notice of appeal from the Support Magistrate’s original order. The father’s counsel filed written objections to the Sup *1073 port Magistrate’s original order and the father, who was dissatisfied with his representation, filed his own objections. By order entered March 4, 2013, Family Court dismissed the objections filed by the father’s counsel, because counsel failed to file proof of service with the court. The court dismissed the father’s pro se objections, because they were not signed by counsel. The father did not file a notice of appeal from that order.
We will consider the father’s appeal despite the defects in his notice of appeal. Although no appeal lies from an order that has been amended—because the amended order supercedes the original order—dismissal of the appeal is unnecessary where the amendment is immaterial to the appeal (see Matter of Fullam v Fullam, 39 AD3d 897, 897 n [2007], lv denied 9 NY3d 802 [2007]; see also Adams v Daughtery, 110 AD3d 1454, 1455 [2013]; People v Russo, 68 AD3d 1437, 1437 n 1 [2009]). We ignore that defect here, because the order was only amended to include the specific amount of counsel fees and that aspect of the order is not at issue on appeal (see CPLR 5520 [c]; see also Matter of Loomis v Yu-Jen G., 81 AD3d 1083, 1084 [2011]; Matter of Michaela PP. [Derwood PP.], 67 AD3d 1083, 1084 n [2009]). More problematic is that an appeal does not lie from a Support Magistrate’s order; the proper procedure is to file objections and then, if necessary, appeal from Family Court’s order ruling on the objections (see Family Ct Act § 439 [e]). This Court has the discretion to treat a notice of appeal as valid despite the notice being premature or containing an inaccurate description of the order being appealed (see CPLR 5520 [c]; see also CPLR 5512 [permitting court to deem appeal taken from proper order if timely appeal is taken from something other than an appeal-able paper, no prejudice results and the proper paper is furnished to the appellate court]). Under the circumstances here, and inasmuch as the errors in filing an inaccurate notice of appeal were attributable to the father’s counsel, we will treat the notice of appeal as validly appealing from Family Court’s order dismissing the objections.
Family Court did not abuse its discretion in dismissing the objections filed by the father’s counsel. While the court had discretion to overlook counsel’s failure to timely file proof of service of objections on the opposing party—despite such filing being required by statute (see Family Ct Act § 439 [e])—we cannot find it to be an abuse of discretion for a court to demand that a party adhere to the statutory requirements (see Matter of Riley v Riley, 84 AD3d 1473, 1474 [2011]). On the other hand, the court improperly dismissed the father’s pro se objections. The court apparently relied upon 22 NYCRR 130-1. la, which *1074 requires every paper served on a party or filed with the court to be signed by an attorney or by the pro se party (see 22 NYCRR 130-1.la [a]). The rule requires the court to “strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party” (22 NYCRR 130-1.la [a]). Because the record does not indicate that Family Court gave the father or his counsel an opportunity to correct the error through the simple addition of a signature, the court should not have dismissed the objections on this ground (see Matter of Dakota SS. [Jessica SS.], 68 AD3d 1462, 1462 [2009]; Matter of Green v Tierney, 59 AD3d 900, 901 [2009]). As Family Court dismissed the objections on procedural grounds and never reviewed the merits, we remit to allow the court to conduct such a review (see Matter of Dakota SS. [Jessica SS.], 68 AD3d at 1462; Matter of Green v Tierney, 59 AD3d at 901; Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930, 931 [2006]).
Peters, EJ., Lahtinen, Garry and Devine, JJ., concur.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision.