■ In the Matter of ALEXUS SS. and Others, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; CHEZZY SS., Respondent-Appellant. (And Another Related Proceeding.) [4 NYS3d 346]—

Clark, J. Cross appeals from an order of the Family Court of Ulster County (McGinty, J.), entered November 19, 2013, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 10-A, to approve petitioner's permanency plan for the subject children.

Respondent is the father of three children (born in 2006, 2009 and 2011) and, because of his involvement in the illegal drug trade, was incarcerated. Family Court found him to have neglected his children, who were placed in petitioner's custody in 2011. The permanency goal was to reunite them with respondent until a permanency hearing was conducted in August and September 2013, when all of the parties agreed that the permanency goal should be changed to placement with a fit and willing relative (see Family Ct Act § 1089 [d] [2] [i] [D]). The parties specifically contemplated a situation in which a paternal aunt and uncle would become the guardians of the children, leaving open the option that they could be returned to respondent in the future (see Family Ct Act §§ 661, 662; Social Services Law § 458-a et seq.). Family Court expressed its displeasure at not having been consulted on the contemplated change and refused to grant the parties' request. Instead, Family Court modified the permanency goal to placement for adoption and directed petitioner to file a petition seeking the termination of parental rights. Family Court issued an order and amended order to that effect, and petitioner and respondent now appeal.[1]

The parties all argue that Family Court erred in modifying the permanency goal and directing that a termination of parental rights petition be filed, and we agree. "At the conclusion of a permanency hearing, the court has the authority to modify an existing permanency goal and must enter a disposition based upon the proof adduced and in accordance with the best interests of the child" (Matter of Dezerea G. [Lisa G.], 97 AD3d 933, 935 [2012] [citations omitted]; see Matter of Kobe D. [Kelli F.], 97 AD3d 947, 948 [2012]). The aspiration in neglect proceedings is to return a child to his or her parents, but, where

---

1. The mother of the children was also found to have neglected the children, was subject to Family Court's order and amended order, and appealed from both. She withdrew her appeals, however, and petitioner represents that the mother has since surrendered her parental rights. Additionally, petitioner appealed from the original order instead of the amended one. Inasmuch as the amended order addresses scheduling matters that are "immaterial to the appeal," we will overlook that defect (Matter of Fifield v Whiting, 118 AD3d 1072, 1073 [2014]; see CPLR 5520 [c]).

that proves impossible because "a parent is unable or unwilling to correct the conditions that led to the removal[,] . . . the goal then becomes finding a permanent, stable solution for the child" (*Matter of Kobe D. [Kelli F.]*, 97 AD3d at 948; *see Matter of Dezerea G. [Lisa G.]*, 97 AD3d at 935).

Here, respondent was unable to care for the children because of, among other things, his incarceration, but he maintained contact with them and has engaged in substance abuse treatment and a fatherhood program. The parties accordingly proposed a modification of the permanency goal to place the children in the care of the paternal uncle and aunt, who have a strong relationship with the children and are fully capable of caring for them until such time as respondent is ready to do so. The attorney for the children indicated that the two eldest children preferred such an arrangement.[2] Family Court nevertheless refused to allow the proposed modification, finding that the uncle and aunt failed to seek placement for a substantial period of time and did not appreciate the seriousness of respondent's drug problem. At the hearing, however, uncontradicted proof indicated that the uncle and aunt did not know that the children remained in foster care and promptly reached out to petitioner when they learned the truth. Moreover, while the aunt testified that she was unaware as to whether respondent had used illegal drugs, she appeared to be referring to the period before he moved to Ulster County. She stated, in any case, that she would obey any directives issued by petitioner with regard to interactions between the children and respondent. Family Court further found that the foster parents currently caring for the children were an appropriate resource and should be given an opportunity to adopt them, but that finding overlooked the very real concerns about their care raised by a caseworker for petitioner. Inasmuch as the best interests of the children were not served by freeing them for adoption under these circumstances, Family Court's modification of the permanency goal and accompanying direction that a termination of parental rights petition be filed are not supported by a sound and substantial basis in the record (*see Matter of Kobe D. [Kelli F.]*, 97 AD3d at 948). In light of the significant time that has elapsed since the permanency goal was altered, as well as the fact that respondent has been released from prison, we deem it

---

2. While not dispositive, we note that Family Court did not engage in any "age-appropriate consultation" with the children, the oldest two of whom were sufficiently mature to express themselves, beyond considering the assertion by the attorney for the children as to their desires (Family Ct Act § 1089 [d]; *see Matter of Dakota F. [Angela F.]*, 92 AD3d 1097, 1098 [2012]).

prudent to remit this matter for further proceedings before Family Court.

Respondent's remaining arguments, to the extent they have not been rendered academic in light of the foregoing, have been considered and rejected.

Garry, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as modified the permanency goal from return to parent to placement for adoption and directed petitioner to file a termination of parental rights petition; matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.