Matter of Proechel v Bensman (2023 NY Slip Op 00467)

Matter of Proechel v Bensman

2023 NY Slip Op 00467

Decided on February 2, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023 

534436
[*1]In the Matter of Sarah Proechel, Appellant,
v
Richard Bensman, Respondent.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Sarah Proechel, Hillsdale, appellant pro se.

Lynch, J.
Appeal from an order of the Family Court of Columbia County (Richard M. Koweek, J.), entered April 26, 2021, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to an order of a Support Magistrate.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2003 and 2007). In August 2018, upon the mother's petition, a Support Magistrate ordered the father — as the noncustodial parent — to pay $195 per week in child support. Thereafter, the father received, among other things, a cash inheritance of approximately $106,000, prompting the mother to commence the instant proceeding for an upward modification of his child support obligation.
In December 2020, following a hearing, the Support Magistrate issued an order that, among other things, increased the father's weekly child support obligation to $238, retroactive to November 27, 2020. The order made both parties responsible, on an equal basis, for the children's education and unreimbursed health-related expenses. The father filed objections to the December 2020 order, but the mother did not file objections of her own or otherwise oppose the father's objections. By decision and order entered April 26, 2021, Family Court dismissed the father's objections and, in so doing, upheld his modified support obligation as set forth in the Support Magistrate's December 2020 order. The mother appeals from the April 26, 2021 Family Court order.
The mother's appeal must be dismissed. Either party may file objections with Family Court challenging a final order of a Support Magistrate (see Family Ct Act § 439 [e]). Family Court then reviews and renders a disposition on such objections, after which an appeal to this Court may be taken pursuant to Family Ct Act article 11 (see Family Ct Act §§ 439 [e]; 1111; 1112 [a]; Matter of Fifield v Whiting, 118 AD3d 1072, 1073 [3d Dept 2014]; Matter of Reynolds v Reynolds, 92 AD3d 1109, 1110 [3d Dept 2012]). As in any case, however, a party has standing to appeal to this Court only if he or she is aggrieved by the order on appeal (see CPLR 5511).
The mother's appeal must be dismissed, as she is not aggrieved by the April 2021 order. Insofar as the mother did not file objections to the Support Magistrate's December 2020 order, or otherwise oppose the father's objections thereto, Family Court was constrained to review only the portions of the December 2020 order challenged by the father. In that respect, Family Court dismissed the father's objections, finding them to be without merit, and did not render a decision on any other aspect of the December 2020 order. This ruling had the effect of upholding the Support Magistrate's upward modification of the father's child support obligation — a determination in the mother's favor. In these circumstances, there is no part of the April 2021 Family Court order that adversely affects the mother and, thus, she is not an aggrieved [*2]party who may take an appeal therefrom (see CPLR 5511; see generally D'Ambrosio v City of New York, 55 NY2d 454, 459 [1982]; Matter of Valenson v Kenyon, 80 AD3d 799, 799 [3d Dept 2011]).[FN1]
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: Although the CPLR 5531 statement indicates that the mother's appeal is from the Support Magistrate's December 2020 order and her arguments are directed to that order, her notice of appeal explicitly lists the April 2021 Family Court order as the paper being appealed. We treat the notice of appeal as controlling (see CPLR 5515 [1]). In any event, the mother's challenge to the Support Magistrate's December 2020 order is precluded by her failure to file objections (see Matter of Vashon H. v Bret I., 191 AD3d 1120, 1123 [3d Dept 2021]; Moore v Moore, 141 AD3d 756, 756 [3d Dept 2016]).